# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MOBILE COUNTY WATER, SEWER & FIRE PROTECTION AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> MUELLER SYSTEMS, LLC; MUELLER WATER PRODUCTS, INC.; SOUTHERN PIPE & SUPPLY COMPANY, INC.; SCOTT CARPENTER; BOBBY BARKER; RANDY PARADIS; and, JOHN DOES 1-10, <br><br> Defendants. | CASE NO: 1:25-CV-360 |

## **DEFENDANTS MUELLER SYSTEMS, LLC AND MUELLER WATER PRODUCTS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Mueller Systems, LLC and Mueller Water Products, Inc. (collectively, "Mueller") hereby give notice of removal of this action, captioned *Civil Action No. 02-CV-2025-901927.00, Mobile County Water, Sewer & Fire Protection Authority. v. Mueller Systems, LLC, et al*; in the Circuit Court of Mobile County, Alabama (the "State Court Lawsuit") to the United States District Court for the Southern District of Alabama, Southern Division. Removal is proper because all properly joined parties are diverse and the amount in controversy exceeds $75,000. As set forth in detail below, the only non-diverse defendants are Bobby Barker and Scott Carpenter. These two defendants were improperly joined to this action in a deliberate effort to defeat diversity. Accordingly, the Court must disregard these individuals for purposes of determining the Court's subject matter jurisdiction, and this case must be removed to this Court. For the same reasons, Barker and Carpenter should be dismissed from this lawsuit.

I.       **STATE COURT LAWSUIT CLAIMS AND ALLEGATIONS**

On July 23, 2025, Plaintiff filed suit in Mobile County, Alabama state court seeking to recover alleged damages related to Plaintiff's purchase of water meters and related products, infrastructure, and services from Mueller Systems, LLC (the "Complaint"). A true and correct copy of the Complaint is attached hereto as *Exhibit 1*. Plaintiff asserted claims for fraudulent misrepresentation, fraudulent suppression, negligent misrepresentation, breach of contract, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of service agreement, negligence, and wantonness.

Plaintiff asserted venue and jurisdiction were proper in Mobile County because "a substantial part of the events or omissions giving rise to the alleged conduct occurred" there. Compl. ¶ 9. Plaintiff also asserted proper venue in Mobile County, "pursuant to Ala. Code § 6-3-7(a)(1), because it is the County in this state where Plaintiff has its office, and because one or more of the Defendants reside or conduct business within the State and/or Mobile County." *Id.*

Plaintiff served Mueller Systems, LLC on August 6, 2025, and Mueller Water Products, Inc. on August 11, 2025. Therefore, the Mueller parties timely file this Notice of Removal on August 27, 2025.[1]

II.      **REMOVAL IS PROPER THROUGH DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

This Court has subject matter jurisdiction under 28 U.S.C. 1332(a) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. Removal is appropriate under 28 U.S.C. §

---

[1] 28 U.S.C. 1446(b) provides that a defendant has 30 days from service of process to file a notice of removal. Thirty days from August 6, 2025, is September 5, 2025. Thus, this Notice of Removal is timely filed.

1441(b) because complete diversity of citizenship exists between Plaintiff and all properly-joined defendants: Mueller Systems, LLC, Mueller Water Products, Inc., Southern Pipe & Supply Company, and Randy Paradis.  As explained below, defendants Bobby Barker and Scott Carpenter were improperly joined to this action, and their citizenship should be disregarded.  Moreover, by filing this Notice of Removal, Mueller is not conceding that any other defendant is a proper party to this lawsuit.  In particular, Mueller does not concede that the diverse defendants Mueller Water Products, Inc. and Randy Paradis are proper parties to this action.  However, since their presence does not defeat diversity, the impropriety of their inclusion as parties is not addressed in detail in this Notice.

  **A.**  **The amount in controversy exceeds $75,000.**

"To determine the amount in controversy for diversity jurisdiction purposes, courts look to the plaintiff's complaint."  *Hodges v. Discovery Property & Casualty Ins. Co.*, No. DR-10-CV-15-AM-VRG, 2011 WL 13234897, at *2 (W.D. Tex. Feb. 17, 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

In the Complaint, Plaintiff has expressly alleged an amount in controversy greater than $75,000.  Plaintiff states that it "has incurred and continues to incur millions of dollars in damages" as a result of the alleged acts and omissions of the defendants. Compl. ¶ 30.  Therefore, the jurisdictional requirement for amount in controversy is met.

  **B.**  **Complete diversity exists between all properly joined parties to this lawsuit, and the Court should disregard Scott Carpenter and Bobby Barker because they are improper parties.**

In accordance with Rule 8 of this Court's Local Rules, the residency of each party named in the State Court Action is as follows:

- Plaintiff Mobile County Water, Sewer & Fire Protection Authority ("Plaintiff") is an Alabama public corporation.  Compl. ¶ 1.

- Defendant Mueller Systems, LLC is a Delaware limited liability company with its principal place of business in Georgia. Mueller Group, LLC is the sole member of Mueller Systems, and Mueller Group, LLC is a Delaware limited liability company with its principal place of business in Georgia. The sole member of Mueller Group, LLC is Mueller Water Products, Inc., which is a Delaware corporation with its principal place of business in Georgia.

- Defendant Mueller Water Products, Inc. is a Delaware corporation with its principal place of business in Georgia.

- Defendant Southern Pipe & Supply Company, Inc. ("Southern Pipe") is a Delaware corporation with its principal place of business in Mississippi.

- Defendant Bobby Barker ("Barker") is a resident of Alabama. Compl. ¶ 5.

- Defendant Randy Paradis ("Paradis") is a resident of Florida. Compl. ¶ 6.

- Defendant Scott Carpenter ("Carpenter") is a resident of Alabama. Compl. ¶ 7.

Plaintiff, Mueller Systems, LLC, Mueller Water Products, Inc., Southern Pipe, and Paradis are the properly joined parties to this suit,[2] and there is complete diversity among them. Plaintiff is a citizen of Alabama. Mueller Systems, LLC and Mueller Water Products, Inc. are citizens of Delaware and Georgia, Southern Pipe is a citizen of Delaware and Mississippi, and Paradis is a citizen of Florida.

The remaining defendants, Barker and Carpenter, are improper parties for several reasons. First, none of the allegations in the Complaint are directed at, or even mention Barker or Carpenter, aside from the allegations about their place of residence. Therefore, there is no basis from which

---

[2] As stated in Section II, above, Mueller does not concede that any defendant is a proper party to this action.

4

Barker's or Carpenter's liability may be found.  Second, all claims set forth in the Complaint which could be construed as against Barker and Carpenter are barred by the economic loss rule.  Third, any claims set forth in the Complaint with respect to Barker and Carpenter are barred by the statute of limitations.  Finally, under Rule 9(b) of the Alabama Rules of Civil Procedure, Plaintiff cannot establish fraud claims with respect to Barker and Carpenter due to the absence of particularized allegations against them.

The Eleventh Circuit has recognized that joinder is improper, *inter alia*, when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  If there is no possibility that a state court would find that the complaint states a cause of action against one of the resident defendants, the joinder is fraudulent as a matter of law.  *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1376 (S.D. Ala. 2009).  "There must be 'no *reasonable* possibility' of legal liability; a mere *theoretical* possibility will not prevent a conclusion of fraudulent joinder."  *Id.* (quoting *Legg v. Wyeth,* 428 F.3d 1317, 1325 & n. 5 (11th Cir. 2005)) (emphasis in original).  Here, any possibility that Plaintiff has of proving a cause of action against Barker or Carpenter is merely theoretical at best, and removal is proper.

"To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."  *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011).  In Alabama, '[t]he appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief.  In making this determination, this Court does not consider whether the plaintiff will

ultimately prevail, but only whether [it] may possibly prevail." *Ex parte Bitel*, 45 So. 3d 1252, 1255 (Ala. 2010). Relatedly, "the standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading." *Ex parte McKesson Corp.*, 393 So. 3d 1180, 1194 (Ala. 2023).

Here, the Complaint is utterly devoid of allegations directed at Barker and Carpenter. Neither Barker nor Carpenter were parties to the contract, so the contract claims cannot apply to them. Further, all other claims fail outright as a matter of law, so even if any of those claims could be construed as being brought against Barker and Carpenter, they would still fail to state a cause of action. Accordingly, it is not possible for Plaintiff to state a claim against Barker and Carpenter. Upon determining Barker and Carpenter are improperly joined, they should be dismissed without prejudice without further delay.

      **a.**    **There is no possibility that Barker or Carpenter are liable for contract claims.**

The Complaint does not allege that either Barker or Carpenter are parties to the contract. Therefore, they cannot be liable for breach of contract. *See, e.g., Holderfield v. Allstate Ins. Co.*, No. 4:13-CV-074-RBP, 2014 WL 1600309, at *2 (N.D. Ala. Apr. 21, 2014) (finding fraudulent joinder where, in part, fraudulently joined defendant was not alleged to be a party to a contract and therefore "cannot be liable for breach of contract.") Accordingly, any claim that Barker or Carpenter are not fraudulently joined based on any of the contract claims fails as a matter of law.

      **b.**    **There are no substantive allegations about Barker or Carpenter in the Complaint.**

Plaintiff mentions Barker and Carpenter each only once in the Complaint. Compl. ¶¶ 5, 7. Those paragraphs merely allege the state and county of residence of Barker and Carpenter, respectively. *Id.* Nowhere else in the Complaint are Barker or Carpenter referenced by name. "[A]lthough [Alabama has] notice pleading under Alabama's Rules of Civil Procedure, a pleading

6

must give fair notice of the claim against which the defendant is called to defend." *Thomas v. Williams*, 21 So. 3d 1234, 1236 (Ala. Civ. App. 2008) (*citing Ex parte Burr & Forman, LLP,* 5 So.3d 557, 566 (Ala.2008)) (internal quotation marks omitted).  Without allegations regarding Barker or Carpenter, it is impossible for Plaintiff to state a claim against them.  They should be dismissed from this action for fraudulent joinder.

        **c.**        **All claims that could plausibly be brought against Barker and Carpenter, i.e. the non-contract claims, are barred by the economic loss rule.**

"Alabama does not recognize a tort-like cause of action for the breach of a duty created by contract." *Harbin v. RoundPoint Mortg. Co.*, No. 2:15-CV-01069-RDP, 2019 WL 7167588, at *5 (N.D. Ala. Nov. 6, 2019) (*quoting Blake v. Bank of Am., N.A.*, 845 F.Supp.2d 1206, 1210 (M.D. Ala. 2012)).  "As the Restatement (Third) explains, 'the economic loss rule' provides that 'there is no liability in tort for economic loss caused by negligence *in the performance or negotiation of a contract* between the parties.'" *Id.* (*quoting S. Indep. Bank v. Fred's, Inc.*, 2019 WL 1179396, at *16 (M.D. Ala. Mar. 13, 2019)) (emphasis in original).  Plaintiff's non-contract claims, which include claims for fraud, negligence, and wantonness, are barred by the economic loss rule because they each boil down to alleged tortious activity done in the performance or negotiation of the alleged contract between Mueller Systems and Plaintiff, the Master Agreement ("Master Agreement"), *see* Compl. ¶¶ 18-20. *See Harris Moran Seed Co. v. Phillips*, 949 So. 2d 916, 931 (Ala. Civ. App. 2006) (affirming judgment as a matter of law on "claims alleging fraudulent suppression, negligence, and wantonness," based on the "economic-loss rule.").

### *i    Plaintiff's fraud claims are barred by the economic loss rule.*

Plaintiff's fraud claims, Fraudulent Misrepresentation (Count I), Fraudulent Suppression (Count II), and Negligent Misrepresentation[3] (Count III), all rely on alleged misstatements made during the negotiation of the alleged Master Agreement.  *See* Compl. ¶¶ 34-57.  For example, Plaintiff alleges that statements made in Mueller's proposal to Plaintiff were fraudulent.  Compl. ¶¶ 34-36.  Moreover, the fraud claims do not allege damages beyond economic loss.  As in *Harris Moran*, under the economic loss rule, fraud claims about a product are not actionable where the product "injured itself."  949 So. 2d at 932–933.  Plaintiff's fraud claims, based only on alleged injury to Mueller equipment itself, are prototypical examples of the types of claims barred by the economic loss rule.  Therefore, defendants, including Barker and Carpenter, cannot be liable for the tort of fraud as alleged in Counts I, II, and III.

### *ii    Plaintiff's negligence claim is barred by the economic loss rule.*

Plaintiff alleges Negligence (Count IX) in the negotiation and performance of the Master Agreement.  For example, Plaintiff alleges "Defendant Mueller System owed a legal duty to Mobile County Water set forth in the Mueller Limited Warranty. . . ."  Compl. ¶ 111.  This allegation evidences the fact that Plaintiff's claim for negligence is based on alleged tortious conduct during the performance of the Master Agreement and is, therefore, barred by the economic loss rule.  Accordingly, Plaintiff cannot recover against any of the Defendants, including Barker and Carpenter, for Count IX.

---

[3] Plaintiff's claim of negligent misrepresentation is properly analyzed here because "[a] negligent misrepresentation constitutes legal fraud." *Bryant Bank v. Talmage Kirkland & Co.*, 155 So. 3d 231, 235 (Ala. 2014).

### *iii  Plaintiff's wantonness claim is barred by the economic loss rule.*

Plaintiff also alleges a claim for Wantonness (Count X).  For that claim, Plaintiff alleges, "Defendants Mueller Systems and its agent(s) owed a legal duty to Plaintiff set forth in the Mueller Limited Warranty and subsequent communications with Mueller Systems and its agents to repair and replace any defective software or equipment, including the meters, and ensure the AMI system functioned properly." Compl. ¶ 116.  As with Plaintiff's fraud and negligence claims, the wantonness claim is barred by the economic loss rule because it tries to bring tort liability for "breach of a duty created by contract."  *Harbin*, 2019 WL 7167588, at *5.

In sum, all of Plaintiff's non-contract claims are nonviable because they are barred by the economic loss rule.  Accordingly, Barker and Carpenter have been fraudulently joined, should not be considered in this Court's diversity jurisdiction analysis, and should be dismissed.

    **d. All claims that could plausibly be brought against Barker and Carpenter, i.e., the non-contract claims, are barred by the statute of limitations.**

As discussed above, only the non-contract claims, that is, the fraud claims, negligence claim, and wantonness claim, can be considered as brought against Barker or Carpenter, since they are not parties to any alleged contract.  Each of these remaining claims for fraud, negligence, and wantonness are time-barred.  "If the only claims against a resident defendant are barred by the statute of limitations, then there is no possibility the plaintiff can establish a cause of action against the resident defendant.  In such a situation, the resident defendant is deemed to be fraudulently joined."  *Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1225–26 (N.D. Ala. 2008) (*quoting Bullock v. United Benefit Insurance Co.,* 165 F. Supp. 2d 1255, 1258 (M.D. Ala. 2001)).  Here, the statute of limitations bars any claims against Barker and Carpenter, so they are fraudulently joined and must be dismissed.

### i. *Plaintiff's fraud claims are time-barred.*

In Alabama, fraud claims are subject to a two-year limitations period. *Jones v. The Vill. at Lake Martin, LLC*, 256 So. 3d 119, 124 (Ala. Civ. App. 2018) (citing Ala. Code 1975, § 6–2–38(l)). This includes claims of negligent misrepresentation. *Bryant Bank v. Talmage Kirkland & Co.*, 155 So. 3d 231, 235 (Ala. 2014). "A fraud claim accrues at the time of discovery by the aggrieved party of the fact constituting the fraud." *Martin v. Hodges Chapel, LLC*, 89 So. 3d 756, 767 (Ala. Civ. App. 2011), *as modified on denial of reh'g* (Feb. 17, 2012) (*quoting Gray v. Liberty Nat'l Life Ins. Co.,* 623 So.2d 1156, 1159 (Ala. 1993)) (citation modified).

"The standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading." *Ex parte McKesson Corp.*, 393 So. 3d 1180, 1194 (Ala. 2023). Here, the existence of a statute of limitations defense is clearly shown on the face of the Complaint because Plaintiff admits it knew of alleged defects in its equipment almost certainly by October 2021 and at least by August 2022. Although Plaintiff's fraud claims are not well-pled (*see supra* at Section (e)), Plaintiff alleges statements made during the sale of Mueller's products to Plaintiff, regarding the performance of the products, were fraudulent. Actual knowledge of alleged fraud is not required to begin the running of the statute of limitations, as "the limitations period begins to run when the plaintiff was privy to facts which would provoke inquiry in the mind of a person of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud." *Auto-Owners Ins. Co. v. Abston*, 822 So. 2d 1187, 1195 (Ala. 2001) (internal quotations and alterations omitted). This means Plaintiff would have discovered the alleged fraud no later than the time it noticed purported equipment failures. According to the Complaint, it knew of these alleged failures in October 2021 and August 2022, well over two years prior to the date this action was filed on July 23, 2025. Compl. ¶¶ 24-25.

Plaintiff cannot rely on Alabama's savings statute, Ala. Code § 6–2–3, to toll the statute of limitations. That statute provides that a fraud claim "must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud." Ala. Code § 6–2–3. Here, the Complaint clearly shows that Plaintiff knew of alleged widespread defects no later than August 2022. Although the Complaint alleges that "Defendants continued concealing and suppressing material information regarding the Mueller water meters," Compl. ¶ 55, Plaintiff nevertheless alleges that it actively knew of alleged failures in the equipment as early as 2021 and as late as 2022. "The Alabama Supreme Court has consistently held that a complaint is insufficient to invoke § 6–2–3 if it 'fails to allege any of the facts or circumstances by which the defendant concealed the cause of action or injury' and 'fails to allege what prevented plaintiff from discovering facts surrounding the fraud.'" *Waldrup*, 598 F. Supp. 2d at 1227 (N.D. Ala. 2008) (*quoting Smith v. Nat'l Sec. Ins. Co.*, 860 So. 2d 343, 357 (Ala. 2003)) (cleaned up). Plaintiff was certainly on notice of the alleged fraud, i.e., that the equipment was defective, as to begin the running of the statute of limitations on or before August 2022.

Because the time for filing a fraud claim has long passed, and Plaintiff has no excuse for its untimely filing of its fraud actions, all fraud claims are nonviable. Barker and Carpenter, therefore, have been fraudulently joined with respect to the fraud claims and must be dismissed.

### ii   *Plaintiff's negligence claim is time-barred.*

In Alabama, "[t]he statutory period of limitations for negligence actions, found at Ala. Code 1975, § 6–2–38, is two years from the date the injury occurred. There is, however, no 'discovery rule' to toll the running of the limitations period with respect to negligence actions." *Utilities Bd. of City of Opp v. Shuler Bros.*, 138 So. 3d 287, 292 (Ala. 2013) (*quoting Henson v. Celtic Life Ins. Co.,* 621 So.2d 1268, 1274 (Ala. 1993)) (citation modified). Here, the date of injury is the date on which Plaintiff's equipment suffered damage. *See id.* As such, because the

11

Complaint alleges damage was happening in October 2021 and August 2022, August 2022 is the absolute latest time that Plaintiff's negligence claim could have accrued. This means any negligence action filed by Plaintiff after August 2024 would be time-barred. This action was filed on July 23, 2025, so Plaintiff's negligence claim is brought well past the statute of limitations. Therefore, Plaintiff cannot bring a cause of action against Barker and Carpenter, who have been fraudulently joined.

### iii  *Plaintiff's wantonness claim is time-barred.*

The statute of limitations for wantonness claims in Alabama is also two years. *Boyce v. Cassese*, 941 So. 2d 932, 945 (Ala. 2006) (citing § 6–2–38, Ala.Code 1975) ("Like fraud claims, negligence and wantonness claims are governed by a two-year statute of limitations"). Like Plaintiff's negligence claim, its wantonness claim "accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is apparent." *Casassa v. Liberty Life Ins. Co.*, 949 F. Supp. 825, 832 (M.D. Ala. 1996). Therefore, for the same reasons set forth in Section (c)(ii), above, Plaintiff's wantonness claim is barred by the statute of limitations. Because Plaintiff cannot bring its wantonness claim at all, it cannot bring it as to Barker and Carpenter, who have been fraudulently joined.

All of Plaintiff's non-contract claims are nonviable because they are time-barred in addition to being barred by the economic loss rule. Accordingly, Barker and Carpenter have been fraudulently joined, must be dismissed, and must not be considered for the analysis of this Court's diversity jurisdiction.

    e.  **The fraud claims are not adequately pled, particularly with respect to Barker and Carpenter.**

Rule 9(b) of the Alabama Rules of Civil Procedure[4] provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Alabama courts have stated that "for a pleading to state a claim of fraud, the pleading must show the time, the place, and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." *Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 218 (Ala. Civ. App. 2009) (*quoting Bethel v. Thorn*, 757 So.2d 1154, 1158 (Ala. 1999)) (citation modified).

Plaintiff's Complaint fails to identify or specify the purportedly fraudulent statements made by Barker or Carpenter. Because the Complaint fails to so specify such statements, it follows that the Complaint does not provide the time, place, or contents of any such statements. Nor does the Complaint identify who actually made any allegedly fraudulent statements. *See Robinson v. Allstate Ins. Co.*, 399 So. 2d 288, 290 (Ala. 1981) (a complaint which "fail[ed] to identify the individual who actually is alleged to have misrepresented the fact" was insufficient under Rule 9(b)). For the purposes of this Notice of Removal, <u>who</u> made any alleged misrepresentations is important because if they were not made by Barker or Carpenter, Plaintiff cannot bring a plausible fraud claim against them. Accordingly, because Plaintiff does not and cannot identify any purported fraudulent statements made by Barker or Carpenter, much less any alleged with the

---

[4] "The better-reasoned case authorities have held that state rules of civil procedure govern for purposes of determining whether a particular defendant was fraudulently joined." *Grady Bros. Invs., LLC v. Gen. Motors Acceptance Corp.*, No. CIV.A.07-0747-WS-B, 2007 WL 4577701, at *6 n. 14 (S.D. Ala. Dec. 27, 2007). In any case, "Rule 9(b) is identical under both the federal and Alabama rules." *Id.*

specificity required under Rule 9(b), it cannot sustain fraud claims against Barker and Carpenter, who are fraudulently joined.

### III. MUELLER has met the procedural requirements for removal

Pursuant to 28 U.S.C. § 1446(b)(2)(B), Mueller's removal is timely. Mueller files this Notice of Removal within 30 days of service of Plaintiff's Complaint on Mueller Systems, LLC (served on August 6, 2025) and Mueller Water Products, Inc. (served on August 11, 2025).

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the following Alabama State Court documents are attached to this Notice of Removal as *Exhibit 2*: (a) all executed process in this case; (b) pleadings asserting causes of action; (c) all orders signed by the state judge; and (d) the docket sheet.

The United States District Court for the Southern District of Alabama is the proper venue for removal under 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the state court action is pending, Mobile County, Alabama.

Pursuant to 1446(b)(2)(a), Southern Pipe & Supply Company, Inc. and Randy Paradis consent to this removal. Bobby Barker and Scott Carpenter also consent to this removal, although and as discussed further above, they are not properly joined to this dispute, and their consent is not necessary. 28 U.S.C. § 1446(b)(2)(A) (requiring that "all defendants who have been *properly joined* and served must join in or consent to the removal of the action") (emphasis added).

Pursuant 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Circuit Court of Mobile County.

### IV. JURY DEMAND

Mueller respectfully demands trial by jury in accordance with Federal Rule of Civil Procedure 81(c)(3)(A).

## V. CONCLUSION

For the foregoing reasons, Mueller removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Further the Court should dismiss all causes of action against Bobby Barker and Scott Carpenter because they are improper parties to this proceeding.

Dated:  August 27, 2025

Respectfully submitted,

**Shook, Hardy & Bacon, LLP**
/s/ Jonathan R. Hirsch
Jonathan R. Hirsch
AL Bar No. 1056L21O
1230 Peachtree Street NE
Suite 1200
Atlanta, GA 30309
Telephone: (470) 867-6000
Facsimile: (470) 867-6001
jhirsch@shb.com

and

**Helmsing, Leach, Herlong, Newman
   & Rouse, P.C.**
/s/A. Edwin Stuardi, III
A. Edwin Stuardi, III
150 Government Street, Suite 2000
Mobile, Alabama  36602
Telephone:  (251) 432-5521
Facsimile:  (251) 432-0633
aes@helmsinglaw.com
*Attorneys for Defendants*
*Mueller Systems, LLC and Muller Water Products*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, the foregoing was electronically filed with notification sent to all persons listed in the Court's electronic notification system.

By: /s/ A. Edwin Stuardi, III
*Attorney for Defendants*
*Mueller Systems, LLC and Muller Water Products*

15